[624 NYS2d 822]

In the Matter of ARTHUR WAGNER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 21, 1995

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Arthur S. Olick* of counsel *(Anderson Kill Olick & Oshinsky,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Arthur Wagner was admitted to the Bar of the

State of New York by the Second Judicial Department on April 6, 1955. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department. Respondent now seeks, by affidavit of resignation dated January 12, 1995, permission to resign from the Bar pursuant to 22 NYCRR 603.11.

By order entered November 15, 1994, this Court found that respondent engaged in professional misconduct in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (7)* (22 NYCRR 1200.3) and DR 7-102 (A) (5) and (7) (22 NYCRR 1200.33) pursuant to the doctrine of collateral estoppel based upon the findings of the United States District Court in *Stochastic Decisions v DiDomenico* (ED NY, Nov. 19, 1991, Weinstein, J., 89 Civ 361, *affd* 995 F2d 1158 [2d Cir 1993]). The Federal court found that respondent violated the Racketeer Influenced and Corrupt Organizations Act (RICO), the New York State Fraudulent Conveyance Act, and engaged in common-law fraud. This Court's order referred the matter to the Departmental Disciplinary Committee to hear and report and recommend the appropriate sanction.

A review of the affidavit of resignation reveals that respondent acknowledges that: he is the subject of a pending disciplinary proceeding involving findings that he is guilty of professional misconduct; his resignation is freely and voluntarily tendered; he has not been subjected to coercion or duress; he is fully aware of the implications of submitting his resignation; and he cannot successfully defend himself on the merits against the charges and findings made by this Court.

Since the affidavit complies with the requirements of 22 NYCRR 603.11 and the Departmental Disciplinary Committee does not oppose respondent's request for permission to resign, respondent's resignation is accepted and his name is stricken from the roll of attorneys, effective immediately.

ELLERIN, J. P., WALLACH, ASCH, WILLIAMS and TOM, JJ., concur.

Motion granted, and the resignation of respondent accepted and his name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately, all as indicated in the order of this Court.

---

* Now DR 1-102 (A) (8).